# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JASMINE E. BYERLEY,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner<br>of the Social Security Administration,<br>    Defendant. | CAUSE NO.: 1:12-CV-91-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [DE 34], filed by Plaintiff on August 13, 2013. On August 27, 2013, the Government filed a response, opposing an award of attorney's fees. On August 30, 2013, Plaintiff filed her reply.

## PROCEDURAL BACKGROUND

On March 22, 2012, Plaintiff filed a Complaint for judicial review of an administrative decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On May 14, 2013, the Court issued an Opinion and Order remanding the case to the Social Security Administration ("SSA") for new proceedings. On August 13, 2013, Plaintiff filed the instant fee application, seeking attorney's fees in an amount of $6870.00. The Commissioner objects, arguing her position was substantially justified.

## ANALYSIS

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United*

*States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). In this case, it is uncontested that Plaintiff filed the instant Motion in a timely manner and that Plaintiff is a prevailing party because the Court reversed and remanded the Commissioner's decision in its September 20, 2013, Order. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Asserting that the Commissioner's position was not substantially justified, Plaintiff seeks an EAJA award in the amount of $6780.00.

The Commissioner argues that her position was substantially justified, precluding an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough, v. Principi*, 541 U.S. at 405; *Hallmark Constr.*, 200 F.3d at 1078-79. In determining whether the Commissioner's position was substantially justified, a court is to consider both the denial of benefits at the administrative level and the Commissioner's defense of that denial before the Court. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A position "is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir.1994)). Accordingly, even a position that was unsuccessful on the merits may have been substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1987). The government has the burden on the question of substantial justification. *Golembiewski*, 382 F.3d at 724.

Whether the Commissioner's position is substantially justified is within the discretion of the court, and "not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Underwood*, 487 U.S. at 561-62.) However, existing case law

2

provides some helpful reference points. For example, a position is less likely to be justified if "the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations" or if the ALJ committed numerous errors in denying benefits. *Golembiewski*, 382 F.3d at 724. Additionally, "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.* On the other hand, an ALJ's failure to articulate his reasoning is by itself generally not reason to find the Commissioner's position not substantially justified. *See Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011) ("[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."); *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006) (finding the Commissioner's position substantially justified despite the ALJ's failure to "connect all the dots in his analysis" of the plaintiff's credibility). Furthermore, the Court should determine whether the Government's overall position, not just its position related to the issues on which the Court granted remand, was substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683-84 (7th Cir. 2009) ("EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified.").

The Court remanded this case primarily because the ALJ did not sufficiently articulate the reasoning for parts of her decision. First, the Court found that the ALJ's explanation for her conclusion that Plaintiff did not have an impairment or combination of impairments that equaled a Listing was insufficient. The Commissioner had argued that the Disability Determination and

3

Transmittal Forms contained in the record that contained the opinions of state reviewing physicians that Plaintiff did not equal a Listing constituted substantial evidence to support the ALJ's conclusion on equivalence. However, because the ALJ did not explicitly reference those forms in her decision or explicitly articulate what weight she gave them, the Court was unable to determine whether the ALJ had considered medical opinions regarding equivalence as required. The Court did not conclude that the ALJ's decision regarding equivalence was not supported by substantial evidence or that the ALJ committed any error, only that it was not sufficiently articulated.

Similarly, the Court remanded because the ALJ did not sufficiently articulate her reasons for finding Plaintiff not credible. The Court wrote that although the ALJ's decision demonstrated that she considered many of the factors relevant to making a credibility determination, she failed to explicitly connect her discussion of those factors to her conclusion that Plaintiff was not fully credible. Again, the Court did not find that the ALJ violated clear and long judicial precedent or the Commissioner's own rulings and regulations, that the ALJ committed any errors in denying benefits, that the ALJ mischaracterized evidence in reaching her conclusions, or that the ALJ did anything similarly egregious. Instead the Court found that remand was warranted based mostly on "run-of-the-mill error[s] in articulation," which are generally insufficient to make the Commissioner's position unjustified. *Bassett*, 641 F.3d at 859-60.

The Court also notes that it did not use any "[s]trong language against the government's position" in its opinion when ordering remand. *Golembiewski*, 382 F.3d at 724. In fact, the Court frequently offered praise for the ALJ's decision, for example, noting the ALJ's "overall thoroughness" and her "thorough and detailed discussion of why Plaintiff d[id] not meet any of the Listings." Op. & Order 18. Additionally, the Court rejected most of Plaintiff's arguments for

4

remand, finding that the ALJ's determination that Plaintiff did not meet a Listing was supported by substantial evidence, that the ALJ properly considered and weighed all evidence in the record in determining Plaintiff's residual functional capacity, and that the ALJ properly determined that there were jobs in significant numbers in the economy which the Plaintiff could perform. Therefore, despite remanding for inadequate articulation on equivalence and credibility, considering the Commissioner's position as a whole, the Court finds it was substantially justified.

Because the Commissioner's position was substantially justified, the requirements for an award of attorney's fees under the EAJA have not been met. 28 U.S.C. § 2412(d)(1).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [DE 34].

SO ORDERED this 28th day of October, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record